## HAWLEY, STIRLING & CO., Respondents, v. JESSE STIRLING, Appellant.

Where a party applied for a continuance to enable him to take the deposition of an absent witness, and the proof which was designed to be obtained would constitute no defence to the plaintiff's claim; the application was properly rejected.

APPEAL from the Fourth Judicial District.

The complaint sets forth that the plaintiffs were partners in trade under the firm of Hawley, Sterling & Co. That defendant on the 27th July, 1850, made his promissory note for $1000, payable three months after date, to the order of Stewart and Cooke; and at the same time made another note for $1000, payable six months after date, to the same parties—who endorsed them on the same day to Heyden and Mudge, who endorsed them over on the same day to the plaintiffs—both endorsements for a sufficient consideration; and for the recovery of which notes this suit was brought.

Defendant's answer denies all responsibility on the said notes; and denies that Stewart and Cooke endorsed the said note on the same, or any other day, for a sufficient consideration to Heyden and Mudge, or that Heyden and Mudge on the same, or any other day, endorsed them for a sufficient consideration to the plaintiffs; and avers that if plaintiffs ever had possession of the

said notes, they were placed in their hands as a collateral security; and that Stewart and Cooke never *bona fide* parted with them, and denies notice of the transfer of said notes to plaintiff. And further says, that between the 1st August, 1850, and the 6th October next, thereafter, upon a settlement of accounts with Stewart and Cooke, they were ascertained to be indebted to defendant $3,345.19, as will appear by the annexed account; and avers, that if the said notes were assigned to plaintiffs, they well knew of the indebtedness of Stewart and Cooke to defendant, and received the same with full knowledge of the equities which existed in favour of defendant. And if plaintiffs establish any liability against him, defendant asks to be allowed to plead the indebtedness of Stewart and Cooke to him, as above stated.

On the 2d June, the deposition of        Heyden taken on interrogatories filed by defendant, was filed, who testified that he is one of the firm of Heyden and Mudge, and that Stewart and Cooke transferred the notes *bona fide* to Heyden and Mudge; that he knew Stewart and Cooke, who had left this for the Eastern States; that the notes were not placed by Stewart and Cooke in the hands of Heyden and Mudge, in trust, nor as collateral security for any debt which Stewart and Cooke owed to Heyden and Mudge. That the notion of the transaction was, that it was agreed, upon defendant paying the notes, and another note of $1000, to Heyden and Mudge, they were to relinquish their right, title, &c., in a certain mortgage by Stewart and Cooke to Heyden and Mudge. Stewart and Cooke was indebted to witnesses' firm about $20,000.

Witness further said, that "their notes were in the first place given by deponent to Hawley, Stirling & Co., as a collateral security;" at a later period, he transferred the notes to them *bona fide;* cannot give the date of the transfer, "*but thinks it was after the maturity of said notes,*" or about the time the second note become due. The notes were not protested for non-payment to deponent's knowledge—he does not know why. Hawley and Stirling held the notes at the time they became severally due.

The witness afterwards testified that the notes were transferred about the last of September, 1850, *before the first note at three months became due.* That he was present at the first endorse-

ment by Stewart and Cooke, which was made by Henry D. Cooke, in witnesses' presence.

On the 12th June, defendant filed an affidavit, stating, that since filing his answer on the 24th March, 1851, William Stewart, of the firm of Stewart and Cooke, without defendant's knowledge, had left this State, and returned to Maryland, his former residence; that he left without disclosing his intention to any one, as deponent believes; that said Stewart is an important witness for defendant, and his testimony material and competent upon the trial of this case; that he can prove by him that the two promissory notes were placed by the said Stewart and Cooke in the hands of Heyden and Mudge, in trust, to be held subject to any liability on account to which the said Stewart and Cooke might become liable and indebted to the defendant; and that said Stewart and Cooke never parted with their property in the said notes, and are now justly indebted to this defendant, (as stated in defendant's answer,) which he is entitled to set-off against the said notes, &c. Defendant believes he can have a commission executed, and the testimony of Stewart taken, and returned into this Court within about ninety days from the 1st June next.

On the motion of the defendant, the Court on the 12th June, 1851, granted him a continuance for ninety days, on condition that he, within six days, file a bond in $2,500, to be approved by plaintiff's attorney, conditioned, that defendant will satisfy any judgment rendered herein against him.

The parties waived a jury, and the case was tried by the Court, who found for the plaintiff $2,113.66; and rendered judgment accordingly, with costs, July 8th, 1851.

Defendant appealed.

The record also sets forth a bill of exceptions, showing that at the time the cause came up for trial, that the defendant moved for a continuance, to take the deposition of W. M. Stewart, in Baltimore, for reasons set forth in the affidavit of the defendant, which the Court granted, upon condition that defendant should file a bond, &c., as stated above—to which condition defendants excepted, for the reason that the Court has power to grant or

refuse a continuance, but not to annex a condition thereto of the character above specified.

Nov. 13th, 1851.    Defendant's counsel agreed that the above should have the same effect as if signed and sealed by the Court at the time the cause come on for trial.

*Billings*, for respondents.

If the bond required by the Court was not such as the statute authorized, and the order of the Court was illegal, the most it could effect was a denial of the continuance.    And if this had been denied in so many words, there would have been no error.

The defendant does not show Stewart to be a material witness; there were four parties to the transaction, Stewart, Cooke, Heyden, and Mudge, all equally acquainted with it.    Why was not their testimony taken?    One of them, Heyden, was examined, and his testimony entirely disproved the allegations of the affidavit.

But defendant's allegations do not constitute a defence.    If plaintiffs were purchasers of the notes before maturity, (as Heyden testifies,) they could not be affected, if true that Heyden and Mudge held them for Stewart and Clarke in trust.    No fraud or collusion is charged upon plaintiffs.    If innocent purchasers before maturity, they could not be affected by the alleged trust.

Defendants have *sworn* to no facts that would make a good defence; and it would have been error to have granted a continuance.

No brief for appellant is found on file.

The opinion of the Court was delivered by HEYDENFELDT, Justice, with whom MURRAY, Chief Justice, concurred.

The error relied on in this case is the refusal of a continuance. The affidavit discloses no diligence on the part of the applicant; but independent of that question, the proof which was designed to be obtained by the delay, would constitute no defence against the present plaintiffs.

The application was therefore properly refused; and the judgment is affirmed, with costs.